**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Edita Aguilar PAULINO, Defendant—
Appellant.**

No. 02–10136.

D.C. No. CR–01–00133–ACK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided June 16, 2003.

Before GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM*

Edita Aguilar Paulino appeals her conviction of naturalization fraud under 18 U.S.C. § 1425(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the facts are familiar to the parties, we do not recite them here.

The district court properly admitted the marriage contract. The contract falls within the public records and reports exception of Federal Rule of Evidence 803(8). The public records exception is a firmly-rooted hearsay exception.[1] Therefore, no violation of the defendant's Confrontation Clause rights occurred upon the admittance of the contract.[2] Moreover, the Government properly authenticated the contract.[3]

The district court found that even without the presumption of regularity, the marriage contract documented a valid marriage. It did not err.[4] Accordingly, we need not consider petitioner's challenge to the presumption. As to petitioner's objection regarding the district court's credibility findings, we conclude that the record supports its findings.[5]

In light of the above conclusions, sufficient evidence supports the district court finding that a marriage existed. Thus, the court properly found petitioner guilty of naturalization fraud, and we affirm.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Contreras,* 63 F.3d 852, 857 (9th Cir.1995).

2. *Id.*

3. *See* Fed.R.Evid. 902(3); *United States v. Chu Kong Yin,* 935 F.2d 990, 994–95 (9th Cir. 1991).

4. The district court's findings of fact are reviewed for clear error. *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001).

5. As with other findings of fact, credibility findings are reviewed for clear error as well. *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).